<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **AJAY SONI,** *Plaintiff*, v. **UNITED STATES OF AMERICA, et al.,** *Defendants.* | **Civil Action No. 11-2431** **OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court by way of Defendants United States of America; Janet Napolitano, Secretary of the Department of Homeland Security; United States Citizenship and Immigration Services ("USCIS"); and Angela K. Barrow, Acting Director of Texas Service Center's (collectively, "Defendants") motion for summary judgment. Dkt. No. 53. <u>Pro se</u> Plaintiff Ajay Soni ("Soni" or "Plaintiff") did not file any opposition to the motion.[1] For the reasons set forth below, Defendants' motion is **GRANTED**.

**I. BACKGROUND**

This case seeks review of USCIS's denial of Plaintiff's employment-based immigrant visa petition under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706(2)(A).

---

[1] Defendants' motion for summary judgment was filed on April 8, 2016, more than three months ago. On May 24, 2016, Plaintiff's pro bono counsel, Susheel Verma, Esq. ("Ms. Verma"), moved to withdraw due to a breakdown in attorney-client communication. Dkt. No. 57. The motion was granted on June 9, 2016. Dkt. No. 59. On June 15, 2016, Ms. Verma advised Plaintiff that the motion to withdraw had been granted, and that Plaintiff was no longer represented by an attorney in this matter. Dkt. No. 60. She also advised Plaintiff, via overnight express mail to his home address and several e-mail exchanges, that the deadline to file opposition to the pending motion was June 24, 2016. <u>Id.</u> Plaintiff did not file any subsequent papers with the Court.

1

Plaintiff is a native and citizen of India. Administrative Record ("A.R.") 46, Dkt. Nos. 42-43. In May 2006, Soni obtained a Ph.D. in International Business from Atlantic International University ("AIU"), an online university that is not accredited by the U.S. Department of Education. A.R. 1236, 1279. On August 10, 2006, Soni entered the United States on an H-1B non-immigrant visa. A.R. 47.

On April 15, 2008, Soni filed his first Form I-140, Immigrant Petition for Alien Worker ("First Petition") with USCIS, seeking classification as an alien who has "extraordinary ability in the sciences, arts, education, business, or athletics." A.R. 1389, 1553-55. Additionally, on or about the same date, Soni filed his first Form I-485, Application to Adjust Status ("First Adjustment Application"), seeking to reside permanently in the United States. A.R. 1985-89. USCIS reviewed Soni's First Petition and, on June 15, 2009, issued a Request For Evidence ("RFE") to Soni for additional information to assess his eligibility for the EB-1 immigrant classification. A.R. 1890-91. In the RFE, and in accordance with EB-1 regulations, USCIS directed Soni to submit additional evidence demonstrating that he "has sustained national or international acclaim and recognition for achievements in the field of expertise" and that he "is one of the small percentage of individuals who have risen to the very top of the field of endeavor." A.R. 1890-91. Soni responded to the RFE on July 22, 2009. A.R. 1892-1943.

On November 27, 2009, USCIS denied Soni's First Petition for the highly-restrictive EB-1 immigrant classification. A.R. 1293-97. USCIS found that Soni failed to establish that he "has sustained national or international acclaim and recognition for achievements in the fields of science, education, business, or athletics" because his evidence did not demonstrate that he has received a major, internationally recognized award, or that he meets at least three of the ten evidentiary criteria specified in 8 C.F.R. § 204.5(h)(3). A.R. 1293-97. Soni appealed the denial

of his First Petition to the USCIS's Administrative Appeals Office ("AAO"), which dismissed the appeal on December 28, 2010. A.R. 1106-15.

On January 20, 2011, USCIS issued a decision denying Soni's First Adjustment Application because his visa petition had not been approved. A.R. 1955-56, 1985. On January 24, 2011, Soni filed a motion to reopen the denial of the First Petition, A.R. 1100-05, and on February 7, 2011 he filed a motion to reopen the denial of the First Adjustment Application, A.R. 1952-54. USCIS denied both motions on March 31, 2011. A.R. 1945-46, 1961-63, 1965. On April 27, 2011, Soni filed the instant complaint under the APA, challenging the denials of his First Petition and First Adjustment Application as arbitrary, capricious, and an abuse of discretion. Compl. ¶¶ 1, 4, 8, Dkt. No. 1.

On February 6, 2012, the Court granted the parties' joint motion to place the litigation in abeyance pending USCIS's adjudication of Soni's motion to reopen. Dkt. No. 13. On May 19, 2011, Soni filed a second petition ("Second Petition") and adjustment of status application ("Second Adjustment Application"), several appeals to the AAO, and numerous motions to reopen, reinstate, or reconsider. See A.R. 46-51, 76-80, 86-90, 92-96, 121-24, 159-68, 293-302, 304-08, 530-74, 1293-97, 1384-88, 1390-96, 1542-46, 1553-55, 2013-25, 2072-78, 2659-85. After reviewing Soni's additional submissions, USCIS denied his Second Petition and Second Adjustment Application on March 16, 2013, and August 5, 2013, respectively. A.R. 42, 159-68, 2072. On January 20, 2014, Soni filed a motion in this Court to reopen the complaint. Dkt. No. 14. Four days later he filed a third petition ("Third Petition") and adjustment of status application ("Third Adjustment Application"). A.R. 2072-78, 2689-94.

On June 24, 2014, the Court granted Soni's motion to reopen the case. Dkt. No. 15. On August 7, 2015, USCIS reopened Soni's Third Petition and issued a RFE to afford Soni a final

opportunity to submit additional evidence in support of his Third Petition. CAR 2659-77. On August 26, 2015, Soni submitted evidence in response to the RFE. CAR 2652-58.

After reviewing Soni's newly submitted evidence, USCIS again determined that he did not qualify for the highly-restrictive EB-1 nonimmigrant classification. A.R. 2625-51. USCIS concluded that the evidence failed to establish that Soni has received a major, internationally recognized prize or award, A.R. 2628, or has received "sustained national or international acclaim," A.R. 2648-49. In addition, USCIS determined that Soni only satisfied one of the ten regulatory criteria set forth in 8 C.F.R. § 204.5(h)(3), instead of the three out of ten that are required for qualification as an alien of extraordinary ability. A.R. 2635-37.

On September 2, 2015, USCIS issued its final decisions, denying Soni's Third Petition, and denying Soni's Third Adjustment Application on the basis that he was not a beneficiary of an approved visa petition. A.R. 2687-89; see 8 U.S.C. 1255(a), 8 C.F.R. § 245.1(a). On April 18, 2016, Defendants filed the instant motion. Dkt. No. 53.

## II. Legal Standard

The APA provides for judicial review of final agency actions. See 5 U.S.C. §§ 702, 704. Because a court's review under the APA is limited to the administrative record on which the agency action was based, the usual standard for summary judgment under Fed. R. Civ. P. 56 does not apply. See Sierra Club v. Mainella, 459 F. Supp. 2d 76, 89–90 (D.D.C. 2006). Instead, in APA cases, "the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." Id. (internal citations omitted). In doing so, the Court may hold unlawful and set aside agency action only if it finds the action to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A).

The scope of review under the arbitrary and capricious standard "is a narrow one." Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 285-86 (1974). To assess whether an agency has acted arbitrarily or capriciously, a court should consider whether the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. See Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). A reviewing court is not empowered to substitute its judgment for that of the agency. Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416 (1971) abrogated on other grounds by Califano v. Sanders, 430 U.S. 99 (1977). Instead, the court must consider whether the agency's action was based on a consideration of the relevant factors and whether there has been a clear error of judgment. Id. Under this standard, the agency is afforded "due substantial deference" that "presume[s] the validity of the agency action." SBC Inc. v. Fed. Commc'n Comm'n, 414 F.3d 486, 496 (3d Cir. 2005) (citations omitted).

### III. ANALYSIS

The Court must decide whether USCIS acted reasonably, in accordance with 8 U.S.C. § 1153(b)(1), its regulations, and with its own precedent, in denying Soni's petition seeking an EB-1 visa preference as an alien with extraordinary ability who has sustained national or international acclaim, and whose achievements have been recognized in the business field through extensive documentation. The Court finds that USCIS did not act arbitrarily, capriciously, or unlawfully in denying Plaintiff's Third Petition based on Plaintiff's failure to prove extraordinary ability.

"[E]xtraordinary ability" is defined as "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor." 8 C.F.R. § 204.5(h)(2). The extraordinary ability designation is thus extremely restrictive. See, e.g, Lee v.

5

Ziglar, 237 F. Supp. 2d 914, 915 (N.D. Ill. 2002) (finding that "arguably one of the most famous baseball players in Korean history" did not possess the requisite extraordinary ability as a baseball coach). To prove extraordinary ability, an alien must meet one of two threshold burdens. First, the alien can provide evidence of "a one-time achievement (that is, a major, internationally recognized award)." 8 C.F.R. § 204.5(h)(3). Alternatively, an alien can provide evidence of at least three of ten types of lesser achievements enumerated in the regulations. See id. The burden of proof rests with the alien to establish by a preponderance of the evidence that he is fully qualified for the benefit sought. Because USCIS reasonably concluded that Soni did not submit evidence meeting either burden, the Court must affirm the agency's decision and grant Defendants' motion for summary judgment.

### A. One-Time Achievement

Upon review of Soni's petition, USCIS determined that the "evidence does not show that the beneficiary has received a major, internationally recognized prize or award."[2] A.R. 2628. Plaintiff does not allege he received such a prize or award. See Compl., Cause of Action ¶¶ 1-9. Accordingly, USCIS did not abuse its discretion by rejecting Soni's petition on this basis.

### B. Alternative Criteria

An alien who cannot demonstrate evidence of a major, internationally recognized award may alternatively show that that he meets at least three of the ten regulatory criteria set forth in 8 C.F.R. § 204.5(h)(3)(i)-(x). USCIS determined that Soni meets criterion number four, but does not meet the nine other criteria. See A.R. 2625-51. Soni challenges USCIS's analysis of the evidence under three of the ten regulatory criteria listed in 8 C.F.R. § 204.5(h)(3)(i-x); specifically,

---

[2] "Receipt of the Nobel Prize is the quintessential example of a major award." Kazarian v. U.S. Citizenship & Immigration Servs., 596 F.3d 1115, 1119 (9th Cir. 2010) (citing H.R. Rep. No. 101-723 (I & II) (1990)).

criteria number two, four, and five.[3] See Compl., Cause of Action ¶¶ 2-6. Each of Soni's challenges lacks merit.

       1. The Second Criterion: Membership in Associations Which Require Outstanding Achievements

The second criterion is satisfied by "[d]ocumentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievement of their members . . . ." 8 C.F.R. § 204.5(h)(3)(ii). Soni contends that USCIS erred in finding that he failed to meet the second criterion because it did not properly weigh his "achievements as a PMP and Sigma Six certified professional." Compl., Cause of Action ¶ 4. As a threshold matter, Soni acquired these certifications after the petition filing date, so USCIS could not consider them as evidence. See 8 C.F.R. § 103.2(b)(1), (12); Matter of Katigbak, 14 I. & N. Dec. 45, 49 (Reg'l Comm'r 1971). However, even if Soni's certifications were timely, USCIS nonetheless provided a rational and non-arbitrary explanation for determining that the certifications do not satisfy the second criterion.

USCIS found that the Project Management Institute ("PMI") does not require outstanding achievements for individuals to obtain Project Management Professional ("PMP") certification. See A.R. 2629. A PMP certification from PMI is a professional credential that demonstrates that the individual possesses project management knowledge, experience, and skills. Obtaining PMP

---

[3] USCIS concluded that Soni did not submit evidence pertaining to criteria 1, 3, 7, 9, or 10, and therefore failed to prove his eligibility for a visa on these bases. See A.R. 2627-49. Soni does not object to these findings. See Compl. To the extent Soni challenges USCIS's determination that he does not meet criteria 6 and 8, these arguments are meritless for the same reasons underpinning the Court's analysis of the fifth criterion. Satisfaction of the sixth and eighth criteria turns on the scholarly value of Soni's Ph.D. thesis, see 8 C.F.R. § 204.5(h)(3)(vi), and the reputation of organizations he has worked for, see 8 C.F.R. § 204.5(h)(3)(viii), both of which rely on substantially the same evidence that Soni submitted to prove eligibility under criterion five, see A.R. 2637-49. For the reasons Soni does not meet his burden of proof under the fifth criterion, he could not meet his burden under the sixth and eighth criteria.

certification merely requires individuals to pay a fee and undergo an application process, possess education and experience, and take and pass a multiple-choice examination consisting of 175 scored questions; recipients are not required to demonstrate outstanding achievement. See A.R. 2629-30.  In its decision, USCIS reasoned that "[m]embership requirements based on employment or activity in a given field, minimum education or experience, standardized test scores, grade point average, recommendations by colleagues or current members, or payment of dues do not satisfy this criterion as such requirements do not constitute outstanding achievements." See A.R. 2629.

Soni's Six Sigma Black Belt certification was deemed inadequate for similar reasons. USCIS found that the certification is awarded to students who "pay a fee and complete lessons, quizzes, simulated project deliverables and tollgate reviews, and take and pass an examination." A.R. 2631.  After examining the certifying institute's website, USCIS found no indication that Six Sigma Black Belt certification required outstanding achievements, nor did it appear that the institution "uses recognized national or international experts in their disciplines or fields to judge the eligibility . . . ." A.R. 2631.  Moreover, USCIS found that Soni "did not submit any information from Acuity Institute which explains the criteria for obtaining Six Sigma Black Belt certification . . . ." A.R. 2631.

Because USCIS articulated a rational relationship between the evidence and its conclusions, and made no clear error in judgment, the Court finds that it acted within its broad statutory discretion.  See Marsh v. Oregon Nat. Res. Council, 490 U.S. 360, 378 (1989).

    2.   The Fourth Criterion: Participation as a Judge of Others' Work in the Field

Next, Soni argues that USCIS erred when "[i]t did not consider review of one article sufficient" to meet the fourth criterion.  Compl., Cause of Action ¶ 3.  This argument is irrelevant because USCIS determined that Soni's evidence did meet the fourth criterion.  See A.R. 2635-37.

8

Soni prevailed here. Accordingly, USCIS's analysis under the fourth criterion does not provide grounds for overturning the agency's decision.

### 3. The Fifth Criterion: Original Contributions of Major Significance in the Field

Finally, Soni contends that USCIS erred in finding him ineligible under the fifth criterion. The fifth criterion is satisfied by "[e]vidence of the alien's original . . . contributions of major significance in the field." 8 C.F.R. 204.5(h)(3)(v). Specifically, Soni argues that USCIS "arbitrarily decided that the educational material authored by the plaintiff for an educational institution was not published work," Compl., Cause of Action ¶ 2, arbitrarily "evaluat[ed] the value of the plaintiff's Ph.D. thesis," id. ¶ 5, and failed to evaluate "significant documentation concerning his role in developing a system/procedure utilized by Merck in enhancement of life saving procedures," id. ¶ 6. USCIS, however, thoroughly analyzed Soni's evidence and adhered to the relevant regulatory language in finding that Soni had not proven eligibility under the fifth criterion.

USCIS found that Soni's evidence purporting to demonstrate the original contributions of his Ph.D. thesis was so vague that it lacked probative value. Soni submitted several letters discussing his thesis which failed to "identify any examples of whether the beneficiary made original contributions of major significance to the field." A.R. 2638. USCIS found that the letters only contained general assertions regarding Plaintiff's thesis. See A.R. 2477-92,2638. For example, one letter states that the thesis was "unique and valuable to the field." A.R. 2638. Another letter states that the "thesis work was outstanding, original and valuable to the field." Id. A third letter claims the "thesis work . . . is unique and extraordinary where he has defined some research methodologies which has been rarely used. He did an extensive research on International Trade laws and the cultural aspects used by global companies to see a product globally." Id.

Conclusory statements about the value of Soni's thesis or other contributions to his field are "not sufficient for purposes of meeting his burden of proof in these proceedings." In re Soffici,

9

22 I. & N. Dec. 158, 165 (BIA 1998) (citation omitted).  USCIS's finding that Soni did not submit "any specific examples of how [his] thesis is considered an original contribution of major significance in the field" is therefore a reasonable basis for finding that the thesis does not satisfy the fifth criterion.  See A.R. 2638.[4]  Based on USCIS's thoroughly articulated examination of Soni's evidence, the Court cannot say it made a "clear error of judgement" required to overturn its decision.  Volpe, 401 U.S. 402, 416 (1971).

Likewise, the evidence Plaintiff submitted regarding his role developing systems used by Merck failed to "provide specific examples of how the beneficiary contributed to the project."  A.R. 2641.  The evidence only describes Soni's work for Merck in general terms such as vital, efficient, effective, outstanding, unique, extraordinary, critical, and leading.  See A.R. 1976, 2386, 2393, 2657.  "None of the evidence includes any information regarding the beneficiary's employment on a project at Merck Laboratories."[5]  A.R. 2648.  Accordingly, USCIS found that the evidence did not provide any adequate examples of how Plaintiff's work for Merck is considered an original contribution of major significance.  A.R. 2641.  As previously explained, a dearth of supporting evidence is an appropriate reason for USCIS to discount Soni's conclusory statements.  See, e.g., Visinscaia v. Beers, 4 F. Supp. 3d 126, 134-35 (D.D.C. 2013).  Accordingly, the USCIS's decision that Plaintiff failed to meet the fifth criterion on this basis was not arbitrary.

## IV. CONCLUSION

After conducting a comprehensive review of the underlying evidence in the administrative record below and of AAO's reasoning in its final decision, the Court finds USCIS acted reasonably

---

[4] USCIS also found that the "petitioner did not submit any evidence to establish that his thesis was published, whether in any journals in the field, professional or major trade publications, or other major media."  A.R. 2639; see 8 C.F.R. 204.5(h)(3)(vi).

[5] Moreover, "none of the evidence indicates the beneficiary performed in a leading or critical role for organizations or establishments that have a distinguished reputation."  A.R. 2648; see 8 C.F.R. 204.5(h)(3)(viii).

in accordance with 8 U.S.C. § 1153(b)(1), its regulations, and with its own precedent in denying Soni's petition for EB-1 status. Accordingly, because Soni cannot carry his burden of showing USCIS's decision was arbitrary, capricious, or contrary to law, Defendants' motion for summary judgment is **GRANTED**. An appropriate order accompanies this opinion.

Date: August 2, 2016               */s Madeline Cox Arleo*               
                                              **MADELINE COX ARLEO**
                                              **UNITED STATES DISTRICT JUDGE**